UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN LEROY TYLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-cv-02621-SRC |
| ROBERT SCHOLLMEYER, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff Melvin Leroy Tyler, purporting to act on behalf of the State of Missouri, to remove his state cases into the United States District Court for the Eastern District of Missouri. Doc. 1. The cases that Plaintiff seeks to remove have already been completed. Therefore, for the reasons discussed below, this removal action will be dismissed for lack of jurisdiction.

### **Background**

Plaintiff is a pro se litigant currently incarcerated in the Jefferson City Correctional Center in Jefferson City, Missouri. According to the Missouri Department of Corrections, he is serving a 185-year sentence. He has filed numerous actions challenging his convictions, which are outlined below.

On August 4, 1978, plaintiff was convicted of two counts of first-degree robbery by means of a deadly weapon, two counts of assault with intent to commit rape without malice aforethought, and armed criminal action. *State v. Tyler*, 622 S.W.2d 379, 382 (Mo. Ct. App. 1981). He was sentenced to fifty years on each robbery count, five years on each assault count, and fifty years for the armed criminal action count. *Id*. All terms were ordered to be served consecutively. *Id*.

The Missouri Court of Appeals reversed plaintiff's armed criminal action conviction on the basis of double jeopardy. *Id*. at 387. The judgment was affirmed in all other respects. *Id*.[1] Plaintiff has since attempted to seek postconviction relief through the state courts, but those attempts have not been successful. *See Tyler v. State*, 18 S.W.3d 117 (Mo. Ct. App. 2000); *State v. Tyler*, 103 S.W.3d 245 (Mo. Ct. App. 2003); *Tyler v. State*, 111 S.W.3d 495 (Mo. Ct. App. 2003); *Tyler v. State*, 229 S.W.3d 103 (Mo. Ct. App. 2007); and *Tyler v. State*, 292 S.W.3d 338 (Mo. Ct. App. 2009).

Plaintiff also filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Tyler v. Armontrout*, 917 F.2d 1138, 1139 (8th Cir. 1990). The district court denied his petition on July 12, 1989. *Id*. at 1140. The Court of Appeals affirmed the denial in all respects. *Id*. at 1143. Plaintiff has made various other attempts to seek habeas relief in federal court, to no avail. *See Tyler v. Purkett*, 26 F.3d 127, 1994 WL 281821, at *1 (8th Cir. 1994) (unpublished opinion) (noting that instant petition was "not the first habeas petition filed by [plaintiff] for the purpose of challenging these convictions…It is either the fifth or sixth such petition").

Plaintiff has previously attempted to remove his underlying criminal case to federal court. Those attempts have been unsuccessful. *See State of Missouri v. Kniest, et al.*, No. 4:15-cv-1352-HEA (E.D. Mo. Aug. 28, 2015);[2] *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC (E.D.

---

[1] The Court notes that plaintiff was also convicted on charges of first-degree robbery, rape, kidnapping, and armed criminal action in Platte County Circuit Court in 1977. *State v. Tyler*, 587 S.W.2d 918, 922 (Mo. Ct. App. 1979). His conviction was affirmed on direct appeal. *Id*. at 934. He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed for failure to exhaust state remedies. *Tyler v. Wyrick*, 730 F.2d 1209, 1210 (8th Cir. 1984). The dismissal of his habeas petition was affirmed. *Id*. at 1211. Plaintiff also pursued postconviction remedies in state court, but was unsuccessful. *See Tyler v. State*, 794 S.W.2d 252 (Mo. Ct. App. 1990); *Tyler v. State*, 941 S.W.2d 856 (Mo. Ct. App. 1997); *Tyler v. State*, 994 S.W.2d 50 (Mo. Ct. App. 1999); and *Tyler v. State*, 348 S.W.3d 149 (Mo. Ct. App. 2011). Plaintiff was later allowed to file a successive federal habeas petition pursuant to § 2254. *Tyler v. Purkett*, 413 F.3d 696, 698 (8th Cir. 2005). However, the Court of Appeals found there was no basis on which to grant habeas relief. *Id*. at 705.

[2] In *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1352-HEA, plaintiff filed a "Petition for Federal Removal" along with two other inmates. He sought to remove his original criminal case, *State v. Tyler*, No. 77-232. The Court denied his petition for removal. The Court also remanded the matter to state court, though it noted that it was unclear that plaintiff's case had ever been removed, since the case was closed. Plaintiff did not appeal.

Mo. Dec. 11, 2015);[3] and *Tyler v. State of Missouri*, No. 4:16-cv-1630-NAB (E.D. Mo. Oct. 18, 2016).[4] More recently, plaintiff tried twice more to remove his original criminal case to federal court. *See State of Missouri, et al. v. Tyler*, No. 4:19-cv-546-HEA (E.D. Mo. Mar. 21, 2019); and *State of Missouri, et al. v. Morales, et al.*, No. 4:19-cv-2135-HEA (E.D. Mo. Jul. 22, 2019). In both instances, plaintiff's removal actions were denied. Both are currently pending appeal. In total, plaintiff has tried to remove his criminal case on five separate occasions.

## Plaintiff's Motion for Removal

Plaintiff's instant motion for removal seeks to remove seven separate state court cases to this Court. Those cases are: *State of Missouri v. Tyler*, No. SC94076 (Mo. 2014); *Tyler v. Schollmeyer, et al.*, No. 15OS-CC00013 (20th Cir., Osage County); *Tyler v. Schollmeyer*, No. ED104221 (Mo. App. 2017); *Tyler v. Schollmeyer, et al.*, No. SC96733 (Mo. 2017); *Tyler v. Schollmeyer*, No. ED106141 (Mo. App. 2018); *Tyler v. Schollmeyer, et al.*, No. SC97041 (Mo. 2018); and *Tyler v. Schollmeyer, et al.*, No. ED106562 (Mo. App. 2018).[5] All of these cases have been completed.

---

[3] In *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC, plaintiff filed a "Petition for Removal of Pending Criminal Cases/Appeals/Motions." He again sought to remove his case, *State v. Tyler*, No. 77-232, to federal court. The district court dismissed plaintiff's petition on January 4, 2016 due to plaintiff's failure to pay the filing fee. Plaintiff appealed the dismissal and the Eighth Circuit Court of Appeals summarily affirmed on June 27, 2016. *State of Missouri v. Kniest, et al.*, No. 16-1314 (8th Cir. 2016). Despite the case being closed, plaintiff filed a motion titled "Motion for Specific Orders in Compliance with 28 U.S.C. 1447(c) and to Modify the Order without Prejudice to File a 42 U.S.C. 1983 Suit and Pendent State Claims Forthwith." The motion sought a certified remand order to the Circuit Court of the City of St. Louis. The district court denied the order as frivolous. In explanation, the district court noted that "[t]he state criminal cases were never properly removed to this Court because they were closed long before defendants brought this action." Once again, plaintiff appealed. The Eighth Circuit Court of Appeals summarily affirmed the district court on September 5, 2017. *State of Missouri v. Kniest, et al.*, No. 17-1704 (8th Cir. 2017).

[4] In *Tyler v. State of Missouri*, No. 4:16-cv-1630-NAB, plaintiff filed a document titled "Federal Removal," seeking to remove *State v. Tyler*, No. 77-232 and *State v. Tyler*, No. ED40843 (Mo. Ct. App.) to federal court. The district court dismissed this action without prejudice on October 25, 2016. In doing so, the district court noted that it did not have jurisdiction to remove a case that has been closed. Plaintiff appealed the dismissal. However, on February 6, 2017, the Eighth Circuit Court of Appeals denied his application for a certificate of appealability. *Tyler v. State of Missouri*, No. 16-4269 (8th Cir. 2017).

[5] Plaintiff's state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

1. *State of Missouri v. Tyler*, No. SC94076 (Mo. 2014)

The first case that Plaintiff seeks to remove is *State of Missouri v. Tyler*, No. SC94076 (Mo. 2014). This is an appeal filed directly with the Missouri Supreme Court, following the denial of a petition for writ of habeas corpus in the Circuit Court of Platte County on February 20, 2014 in *State of Missouri v. Tyler*, No. 0677CF00039 (6th Cir., Platte County). On September 22, 2014, the Missouri Supreme Court transferred the case to the Missouri Court of Appeals, Western District, where jurisdiction was vested.

2. *Tyler v. Schollmeyer, et al.*, No. 15OS-CC00013 (20th Cir., Osage County)

The second case that Plaintiff seeks to remove is *Tyler v. Schollmeyer, et al.*, No. 15OS-CC00013 (20th Cir., Osage County). The case originated with a petition filed by Plaintiff in the Circuit Court of Osage County. The petition, which was filed on June 22, 2015, asked for criminal charges to be brought against three assistant attorneys general and three judges, stemming from the denial of Plaintiff's state habeas corpus petition. Plaintiff purported to bring these criminal charges on behalf of the State of Missouri. The circuit court determined that Plaintiff could not file a felony complaint because he was not a prosecuting attorney as required by state statute. The petition was dismissed on August 27, 2015.

Following dismissal, Plaintiff filed a notice of appeal on November 2, 2015. The appeal was ultimately dismissed as untimely on June 27, 2016. The Missouri Court of Appeals issued its mandate on December 14, 2017. Subsequently, Plaintiff filed various motions in the circuit court, including a motion to amend action, a petition for writ of habeas corpus ad testificandum, and a supplemental criminal complaint, requesting a special prosecutor. On September 26, 2017, the circuit court denied all the motions. Plaintiff then filed a notice of appeal to the Missouri Supreme Court, which transferred the matter back to the Missouri Court of Appeals. The Court of Appeals

dismissed the appeal on January 2, 2018, noting that any attempt to appeal the original dismissal was duplicative, and that any appeal of the circuit court's denial of his motions failed because that order was not final and appealable. The mandate was issued on June 7, 2018.

Plaintiff returned to the circuit court and requested that it enter a final judgment, so that he could appeal. The circuit court denied this request on January 31, 2018. Plaintiff appealed once more. Again, he appealed directly to the Missouri Supreme Court, which transferred the matter to the Missouri Court of Appeals. The Missouri Court of Appeals dismissed the appeal on May 23, 2018, because Plaintiff was appealing non-appealable orders. Specifically, the Court of Appeals noted that Plaintiff was challenging rulings made well after final judgment. The mandate was issued June 18, 2018.

### 3. *Tyler v. Schollmeyer*, No. ED104221 (Mo. App. 2017)

The third case that Plaintiff seeks to remove is *Tyler v. Schollmeyer*, No. ED104221 (Mo. App. 2017). This was the first appeal filed by Plaintiff after the Circuit Court of Osage County dismissed his petition, which attempted to bring criminal charges against three judges and three assistant attorneys general. *See Tyler v. Schollmeyer, et al.*, No. 15OS-CC00013 (20th Cir., Osage County). On June 27, 2016, the Missouri Court of Appeals dismissed the appeal for lack of a timely notice of appeal. Plaintiff filed a motion for rehearing/transfer to the Missouri Supreme Court, which was denied on June 16, 2017. The mandate was issued on December 14, 2017.

### 4. *Tyler v. Schollmeyer, et al.*, No. SC96733 (Mo. 2017)

The fourth case that Plaintiff seeks to remove is *Tyler v. Schollmeyer, et al.*, No. SC96733 (Mo. 2017). This was Plaintiff's second appeal taken from the Circuit Court of Osage County. *See Tyler v. Schollmeyer, et al.*, No. 15OS-CC00013 (20th Cir., Osage County). The appeal was taken after the circuit court denied Plaintiff's post-judgment motions on September 26, 2017. Plaintiff

5

filed this appeal directly with the Missouri Supreme Court. On November 28, 2017, the Missouri Supreme Court transferred the matter to the Missouri Court of Appeals, Eastern District, where jurisdiction was vested.

      **5.**      ***Tyler v. Schollmeyer*, No. ED106141 (Mo. App. 2018)**

The fifth case that Plaintiff seeks to remove is *Tyler v. Schollmeyer*, No. ED106141 (Mo. App. 2018). This appeal originated in the Missouri Supreme Court, which transferred the matter to the Missouri Court of Appeals, Eastern District, where jurisdiction was vested. *See Tyler v. Schollmeyer, et al.*, No. SC96733 (Mo. 2017). The appeal concerned the Circuit Court of Osage County's denial of Plaintiff's post-judgment motions in *Tyler v. Schollmeyer, et al.*, No. 15OS-CC00013 (20th Cir., Osage County). The Missouri Court of Appeals dismissed Plaintiff's appeal for lack of an appealable judgment on January 2, 2018. The mandate was issued on June 7, 2018.

      **6.**      ***Tyler v. Schollmeyer, et al.*, No. SC97041 (Mo. 2018)**

The sixth case that Plaintiff seeks to remove is *Tyler v. Schollmeyer, et al.*, No. SC97041 (Mo. 2018). This appeal stemmed from the Circuit Court of Osage County's denial of Plaintiff's request to enter a final judgment concerning his post-judgment motions, so that he could appeal. *See Tyler v. Schollmeyer, et al.*, No. 15OS-CC00013 (20th Cir., Osage County). The appeal was filed directly with the Missouri Supreme Court. On April 4, 2018, the Missouri Supreme Court transferred the matter to the Missouri Court of Appeals, Eastern District, where jurisdiction was vested.

      **7.**      ***Tyler v. Schollmeyer, et al.*, No. ED106562 (Mo. App. 2018)**

The seventh case that Plaintiff seeks to remove is *Tyler v. Schollmeyer, et al.*, No. ED106562 (Mo. App. 2018). This appeal originated in the Missouri Supreme Court, which transferred the matter to the Missouri Court of Appeals, Eastern District, where jurisdiction was

vested. *See Tyler v. Schollmeyer, et al.*, No. SC97041 (Mo. 2018). On May 23, 2018, the Missouri Court of Appeals dismissed the appeal due to a lack of an appealable order. The mandate was issued on June 18, 2018. Plaintiff subsequently filed a motion for recall of the mandate, and a motion for rehearing/transfer to the Missouri Supreme Court. On June 24, 2019, the Missouri Court of Appeals ordered that the motion for rehearing and application for transfer be stricken as untimely. The Court of Appeals also denied the motion to recall the mandate.

## Discussion

Plaintiff has filed a removal action seeking to remove seven state cases to federal court. Federal law provides a procedure for removing both civil and criminal actions. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). Generally, however, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

Removal jurisdiction can only be properly exercised if the state court case is still ongoing. That is, if the state court proceedings for which removal is sought is already completed, the case must be dismissed for lack of jurisdiction. *Pointer v. Allied Barton Sec. Co.*, 2017 WL 4216868, at *1 (8th Cir. 2017) (unpublished opinion) (stating that because the state court proceeding that Plaintiff sought to remove was "already completed," the case was remanded to the district court "with instructions to dismiss for lack of jurisdiction"). *See also Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011) (stating that "[r]emoval is simply not possible after a final judgment and the time for direct appellate review has run"); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) (stating "that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized"); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774

7

(8th Cir. 1988) (stating that "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"); and *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) (stating that it is "obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court").

Here, none of the seven cases that Plaintiff seeks to remove to federal court are pending. The three cases that Plaintiff directly filed with the Missouri Supreme Court have been transferred to the Missouri Court of Appeals. The three Missouri Court of Appeals cases have all been dismissed for lack of jurisdiction, and the mandates issued. The petition that Plaintiff filed in the Circuit Court of Osage County was dismissed, and Plaintiff's post-judgment motions denied. Plaintiff's attempts to overturn the rulings of the circuit court by appeal were unsuccessful. All seven cases, therefore, have been completed.

As outlined above, Plaintiff has attempted to attack his original conviction in a number of different ways, including state postconviction actions, federal habeas petitions, and removals to federal court. In the instant case, Plaintiff has received adverse judgments from the state courts, and is now attempting to obtain a federal forum by characterizing this action as one for removal, when he is actually seeking to overturn those rulings. Removal in such circumstances is not permissible. Therefore, the Court must dismiss this action for lack of jurisdiction. *See Pointer*, 2017 WL 4216868, at *1.

**Motions to Proceed in Forma Pauperis**

Plaintiff has filed two motions for leave to proceed in forma pauperis. Doc. 2; Doc. 5. Having reviewed the motions and the financial information submitted in support, the Court finds they should be granted.

**Motion for Writ of Habeas Corpus Ad Testificandum**

Plaintiff has filed a motion for writ of habeas corpus ad testificandum, seeking to have a "limited discussion on [his] right to have these facts turned over to the US Department of Justice." Doc. 4. The motion will be denied as moot as Plaintiff's removal action is being dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for leave to proceed in forma pauperis, Doc. 2; Doc. 5, are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for writ of habeas corpus ad testificandum is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that an appeal from the dismissal of this action would not be taken in good faith.

Dated this 23rd day of October, 2019.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE